UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TERESA MILLS,                                                      Case No. 1:06-CV-409

          Plaintiff,                                              Hon. Richard Alan Enslen

v.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.

_____/                    **OPINION**

        This matter is before the Court on Defendant Commissioner of Social Security's Objections

to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of May 31, 2007

("Report") , which reversed and remanded the Commissioner of Social Security's final decision

denying Supplemental Security Income ("SSI") under Title XVI of the Social Security Act.

**I.      BACKGROUND**

        Plaintiff was 43 years old at the time of the Administrative Law Judge's ("ALJ") decision.

She has successfully completed high school, one year of college, and previously worked as a

waitress, security officer, landscaper, utility locator, and cable installer.  (Tr. 13, 98, 115-21).

Plaintiff alleges that she has been disabled since April 1, 2003, due to reflex sympathetic dystrophy,

fibromyalgia, and osteoarthritis in her feet.[1]  Plaintiff filed an application for SSI payments on

January 2, 2004.  After her initial application was denied, Plaintiff requested a hearing before an

ALJ.  On December 12, 2005, the ALJ determined that although Plaintiff's impairment was severe,

_____

       [1]The Court adopts by reference the pertinent portion of the Report that sets forth the
summary of Plaintiff's medical history as presented in the Administrative Record.  (Rpt. at 3-7.)

she was not disabled as defined by the Social Security Act because:  (1) her impairments did not

medically equate to any of those listed in 20 C.F.R., Part 404, Subpart P, Appendix 1, and (2) she

retained a residual functional capacity ("RFC") to perform light sedentary work.  (Tr. 12-21.)  The

ALJ further concluded that although Plaintiff was unable to perform her past relevant work, there

existed a significant number of jobs which she could perform despite her limitations.  (Tr. 18-20.)

The Appeals Council declined to review the ALJ's decision, thereby making it the final decision of

the Commissioner.  (Tr. 5-8).  Plaintiff then appealed to this Court pursuant to 42 U.S.C. § 405(g).

## II.    STANDARD OF REVIEW

The Court reviews this action pursuant to Section 205(g) of the Social Security Act, as

codified in 42 U.S.C. § 405(g).  Section 405(g) limits the Court to a review of the administrative

record and provides the Commissioner's decision shall be conclusive if it is supported by substantial

evidence.  *See Willbanks v. Sec'y of Health & Human Serv.*, 847 F.2d 301, 303 (6th Cir. 1988).

Therefore, the judicial scope is limited to the determination of whether the Commissioner applied

the correct legal standards and whether there is substantial evidence in the record to support the

decision.  *See Brainard v. Sec'y of Health & Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989).

The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or

decide questions of credibility.  *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

Substantial evidence is more than a scintilla, but less than a preponderance.  *See Cohen v. Sec'y of*

*Dep't of Health & Human Serv.*, 964 F.2d 524, 528 (6th Cir. 1992).  In determining the substantiality

of the evidence, the Court must consider the evidence on the record as a whole and take into account

whatever in the record fairly detracts from its weight.  *See Richardson v. Sec'y of Health & Human Serv.*, 735 F.2d 962, 963 (6th Cir. 1984).

## III.    DISCUSSION

### (A) Residual Functional Capacity Evaluation

Defendant contends that the Magistrate Judge erred in finding there is no substantial evidence to support the ALJ's findings that Plaintiff is not completely disabled and has the RFC to perform a significant range of sedentary work.  Specifically, Defendant argues that the Agency Physician's findings, the success of Plaintiff's nerve block procedures, and Dr Colson's examination findings that Plaintiff could walk on her toes and heels, constitute substantial evidence to support the ALJ's determination.  Therefore, Defendant argues, this Court should reject the Report's findings, and affirm the Commissioner's decision to deny benefits.  The Court, however finds that these factors do not constitute substantial evidence.

The governing substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts.  An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).  Additionally, the Court recognizes the governing standard known as the "treating physician rule," which holds that "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).  However, a treating physician's opinion may be discounted if it is not supported by clinical findings consistent with the evidence, and the ALJ adequately articulates his rationale for giving less than controlling

weight to the opinion. *See id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544-47 (6th Cir. 2004);

*Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993).

Defendant first points to the Agency Physician's findings as substantial evidence that

supports the ALJ's findings.  The Agency Physician determined that Plaintiff was capable of some

tasks.[2]  (Tr. 268-71.)  However, two of Plaintiff's treating physicians, Dr. William DuBois and Dr.

Raymond Tracy, declared that she was completely disabled and incapable of working.  (Tr. 282-83,

91.)  While Agency Physicians are highly qualified medical experts, it is well settled law that greater

deference is given to a plaintiff's treating physicians because they are "most able to provide a

detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique

perspective to the medical evidence that cannot be obtained from the objective medical findings

alone."  *Rogers*, 486 F.3d at 242 (*citing* 20 C.F.R. § 416.927(d)(2)).

As stated previously, when an ALJ discounts a treating physician's opinion, he must disclose

specific reasons on the record for doing so.  *Rogers*, 486 F.3d at 242.  In the present case, the ALJ

failed to give this deference and failed to set forth an adequate explanation for this disregard, stating:

> On August 13, 2004, and October 10, 2005, William DuBois, M.[D]., the claimant's
> treating family physician, opined that the claimant is unable to work, and is
> considered totally disabled.  Normally, the opinions of the claimant's treating source
> are given controlling weight.  However, the determination of the claimant's disability
> status is an issue reserved to the Commissioner.  Therefore, the undersigned does not
> give controlling weight to Dr. DuBois' opinion that the claimant is disabled.

(Tr. 17, internal citations omitted.)  Merely stating that an issue is reserved to the Commissioner does

not constitute an adequate explanation for discrediting Dr. DuBois' opinion.  Furthermore, the ALJ

---

[2] The Agency Physician found Plaintiff capable of lifting 20 pounds occasionally and 10 pounds frequently, standing and/or walking at least two hours in an eight-hour workday, sitting about six hours in an eight hour workday, occasional climbing of ramps or stairs, and occasional balancing, stooping, kneeling, crouching, or crawling.  (Tr. 268-71.)

completely failed to address Dr. Tracy's statements that Plaintiff was incapable of working. Failing

to identify good reasons (or *any* reason) for discounting treating physicians' opinions "denotes a lack

of substantial evidence, even where the conclusion of the ALJ may be justified based upon the

record." *Rogers*, 486 F.3d at 242 (*citing Wilson*, 378 F.3d at 544). As the ALJ did not adequately

justify discounting Plaintiff's treating physicians' opinions, his decision in this regard failed to meet

the procedural requirements, and therefore does not constitute substantial evidence.

Defendant further contends that the success of Plaintiff's sympathetic nerve block procedures

constitutes substantial evidence supporting the ALJ's RFC determination. The limited relief

provided by Plaintiff's nerve block procedures was temporary; pain would usually return within a

few weeks or months. (Tr. 200, 212-14.) Plaintiff received six injections between July 29, 2003 and

October 7, 2003, and two more injections in 2005. (Tr. 200, 212-14, 316-20.) Although Plaintiff

did receive temporary relief, her pain always returned, necessitating another procedure. The

frequency and number of injections indicate that nerve block procedures did not provide adequate

relief. Further, such a procedure failed to provide any relief for Plaintiff's other ailments, such as

incontinence. As the success of Plaintiff's nerve block procedures was extremely temporary and

limited, the Court cannot consider such a procedure as substantial evidence that supports the ALJ's

RFC determination.

Additionally, Defendant points to Dr. Colson's examination findings that Plaintiff was able

to walk on her toes and heels and had normal strength in her feet as substantial evidence that

supports the ALJ's findings. However, during the same exam, Dr. Colson found that Plaintiff

suffered from "areas of dysesthesia and hyperesthesia on the lateral aspect of her lower leg and

especially around and below the left lateral malleolus."[3]  (Tr. 195-96.)  Dr. Colson never indicated

any doubt that Plaintiff suffered from alleged pain.  Furthermore, Dr. Colson's examination took

place on December 30, 2003. (Tr. 195-96.) The record shows that Plaintiff's health has substantially

deteriorated over time.  (Tr. 291.)  As Dr. Colson's examination took place at the beginning of a

downward spiral of Plaintiff's health, and contained observations of suffering, it does not constitute

substantial evidence in support of the ALJ's RFC determination.

       None of these factors, whether taken individually or combined, constitute substantial

evidence that support the ALJ's findings.  Pain alone may be considered evidence of a disabling

condition if it is consistent with medical evidence.  *King v. Heckler*, 742 F.2d 968, 974 (6th Cir.

1984).  This is especially true in situations such as the one at bar, where Plaintiff suffers from

fibromyalgia, which is extremely difficult to diagnose because "fibromyalgia patients present no

objectively alarming signs."[4]  *Rogers*, 486 F.3d at 244 (*citing Preston v. Sec'y of Health & Human*

*Servs.*, 854 F.2d 815, 820 (6th Cir. 1988)).  Plaintiff's allegations of disabling pain were consistent

with both medical and lay evidence.

       The record is filled with both subjective and objective evidence which clearly indicates

Plaintiff suffers from a serious impairment which can reasonably be expected to produce the alleged

pain and substantially limit her ability to perform basic tasks.  Since the ALJ failed to explain why

---

       [3]Dysesthesia is defined as, "an unpleasant abnormal sensation produced by normal
stimuli."  DORLAND'S MEDICAL DICTIONARY 411 (26th ed. 1985).  Hyperesthesia is defined as
"increased sensitivity to stimulation."  *Id*.

       [4]Dr. Juneja diagnosed Plaintiff with fibromyalgia, depression, and mechanical
dysfunction of the lumbar spine.  (Tr. 214.)  Diagnosing fibromyalgia is a difficult process
involving testing focal points for tenderness, and ruling out other possible conditions.  *Rogers*,
486 F.3d at 244 (*citing Preston*, 854 F.2d at 820-22 (6th Cir. 1988)).

he discredited Plaintiff's treating physicians' opinions, provided an inadequate explanation for discrediting Plaintiff's pain testimony, and ignored the vast majority of the record, this Court cannot find that his decision was supported by substantial evidence. When examined as a whole, the record contradicts the ALJ's findings. Therefore, Defendant's objection is denied.

### (B) Plaintiff's Entitlement to Benefits

Defendant contends that because all essential factual issues have been not been resolved, the record does not adequately establish Plaintiff's entitlement to benefits.

This Court may only reverse the Commissioner's decision and award benefits immediately if all essential factual issues have been resolved and evidence of disability is compelling. *Faucher v. Sec'y of Health & Human Services*, 17 F.3d 171, 176 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*

In this case, the medical proof of Plaintiff's disability is overwhelming: Plaintiff underwent two surgeries (Tr. 147-48, 219); several sympathetic nerve block injections (Tr. 202-12, 316-20); and a visit to the emergency room (Tr. 225-26). In addition to medical evidence, testimony from Plaintiff (Tr. 356-90); her neighbor, Suzanne Cornwell (Tr. 390-394); and Plaintiff's son, William Mills (Tr. 396-400) indicates that Plaintiff's impairment was so severe as to render her completely disabled. Additionally, two of Plaintiff's treating physicians opined that Plaintiff was completely disabled and unable to work. (Tr. 281-83, 291.)

The present case is easily distinguishable from *Faucher*, where the Sixth Circuit found essential factual issues remained unresolved. 17 F.3d at 176. In *Fauchner*, the district court reversed the decision of the ALJ and awarded immediate benefits "despite its express recognition that plaintiff

might not satisfy the statutory requirement for entitlement to benefits." *Id*. Further, there was "conflicting evidence in regard to the severity of plaintiff's emotional impairments." *Id*. As discussed previously, Plaintiff's subjective allegations of pain are uncontradicted and none of her treating physicians ever questioned the veracity of her allegations. For these reasons and the others discussed both in the Report and this Opinion, the Court finds that the evidence supporting Plaintiff's disability is overwhelming and compelling, and despite Defendant's claim to the contrary, there are no unresolved essential factual issues. Therefore, Defendant's objection is denied.

## IV.    CONCLUSION

Since the ALJ's decision did not conform to the proper legal standards, is not supported by substantial evidence and all essential factual issues have been resolved and evidence of disability is compelling, the Court will deny Defendant's Objections and adopt the Report and Recommendation. Accordingly, the Commissioner's decision is reversed and this case shall be remanded for the award of benefits. A Judgment consistent with this Opinion shall issue.

<table>
<tr><td></td><td> /s/ Richard Alan Enslen</td></tr>
<tr><td>DATED in Kalamazoo, MI:</td><td>RICHARD ALAN ENSLEN</td></tr>
<tr><td>        August 20, 2007</td><td>SENIOR UNITED STATES DISTRICT JUDGE</td></tr>
</table>